ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2010 OCT 27 AM 10: 33

CLERK OF COURT

| | |
|---|---|
| SUSAN E. SMICK, | § |
| | § |
| Plaintiff, | § |
| | § Cause No. 4-10CV-816-A |
| v. | § |
| | § |
| LACASITA-LESTER, INC. | § |
| d/b/a CATFISH SAM'S | § |
| | § **Jury Trial Demanded** |
| Defendant. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Susan E Smick, for her complaint against Defendant, Lacasita–Lester, Inc. D/B/A Catfish Sam's, would show as follows:

### PARTIES

1. The Plaintiff, Susan E. Smick ("Plaintiff") is an individual and resides in Arlington, Texas.

2. The Defendant, Lacasita-Lester, Inc. d/b/a Catfish Sam's ("Defendant" or "Catfish Sam's ") is a restaurant, bar and motel and may served though its owner/manager Kaye Watkins at 2735 W. Division, Arlington, Texas 76012.

3. Defendant employs more than 50 employees within a 75-mile radius and is an employer within the meaning of Title VII of the 1964 Civil Rights Act as amended, 42 U.S.C. § 2000e and the Family Medical Leave Act, 29 U.S.C.§2501 et seq.

Plaintiff's Original Complaint 1

## JURISDICTION AND VENUE

4. Defendant maintains its principal place of business in Arlington, Texas within the Northern District of Texas. Defendant therefore has significant contacts within the Northern District of Texas that justifies jurisdiction in this forum.

5. Pursuant to 28 U.S.C. §1331, jurisdiction lies in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, including the Family Medical Leave Act of 1993 ("the FMLA"), 29 U.S.C. § 2501, et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

6. Venue for all causes of action stated herein lies in the northern district of Texas because the acts in this complaint took place in whole or in part within the boundaries of this district pursuant to 28 U.S.C. §1391.

## FACTS

7. Plaintiff was hired by Defendant on or about October 4, 2007 as a part time cashier-hostess.

8. By Defendant's own admissions, Plaintiff performed her job well.

9. In approximately October 2008, Plaintiff learned that she was pregnant and so notified Defendant that her baby was due in approximately late June, early July, 2009

10. Plaintiff was under no medical restriction from her doctor as of March 2009 since she was just six months pregnant.

11. In late February, early March 2009 Defendant through its manager-owner, Kaye Watkins continuously questioned Plaintiff about her expected maternity leave date. Plaintiff told Defendant that she was cleared by her doctor to continue working right up until her delivery date.

12. Notwithstanding Plaintiff's response, Defendant continued to harass the plaintiff about her taking maternity leave and plaintiff continued to tell the defendant that she would be meeting with her doctor and would ask her doctor when she could stop working so that she could take maternity leave.

13. On March 24, 2009 after Plaintiff completed her shift at work, and almost a week before her next Dr.'s appointment, Defendant's owner-manager, Kaye Watkins telephoned Plaintiff at her home and notified her that she was no longer be employed and summarily terminated Plaintiff's employment.

14. At a hearing held before the Texas Workforce Commission on June 16, 2010, Defendant's manager/owner, Kay Watkins testified that the reason for the Plaintiff's termination was because of her pregnant condition

15. Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also filed a timely complaint with the Texas Workforce Commission to report her treatment and termination.

16. On August 10, 2010, the EEOC issued a "Notice of Right to Sue". Defendant received this notice and Plaintiff has filed the instant action within the period permitted by such notice.

17. Because of the Defendant's agents' actions, Plaintiff has suffered lost compensation and lost benefits. Plaintiff has also suffered other compensatory damages, including future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

18. Defendant through its agents, engaged in discriminatory practices with malice or reckless indifference to the Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and the Texas Labor Code.

19. Plaintiff had every intention of taking Family Medical Leave following the delivery of her child, which qualified her for such leave under the Family medical leave Act. Plaintiff had been continuously employed with Defendant for the preceding 12 months and had worked at least 1250 hours during the 12-month period prior to taking such leave.

20. Defendant deliberately terminated Plaintiff's employment to interfere with her exercise of her rights under the FMLA.

## CLAIMS

21. For her first cause of action Plaintiff would show that Defendant, through its agents harassed the Plaintiff on the basis of pregnancy in violation of 42 U.S.C. §2000e, Title VII of the Civil Rights Act of 1964 and in violation of the Texas Labor Code and is accordingly is liable to

Plaintiff for actual damages, compensatory damages, punitive damages and prejudgment interest, costs of court and attorneys fees and expenses.

22. For her second cause of action, Plaintiff would show that Defendant unlawfully interfered with the Plaintiff's FMLA rights by terminating her employment prior to her taking a qualified medical leave which Plaintiff had told Defendant that she was going to take following the birth of her child. Accordingly, defendant is liable for actual damages, punitive damages, prejudgment interest, costs of court, attorneys' fees and expenses.

23. Plaintiff demands a jury trial.

WHEREFORE Plaintiff prays that this Court grant Plaintiff judgment against Defendants and for all other appropriate relief.

Dated this 26TH day of October, 2010.

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: /s/

NICHOLAS A. O'KELLY
Texas State Bar No. 15241235
ROBERT GOODMAN, JR.
State Bar No. 08158100

Kilgore & Kilgore, PLLC
3019 Carlisle Street
Dallas, TX 75204-2471
(214) 969-9099 - Telephone
(214) 953-0133 - Fax


ATTORNEYS FOR PLAINTIFF

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Susan E. Smick

## DEFENDANTS
Lacasita-Lester, Inc. d/b/a Catfish Sam's

2010 OCT 27 AM 10: 34

CLERK OF COURT

**(b)** County of Residence of First — Tarrant County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Nicholas A. O'Kelly
Kilgore & Kilgore, PLLC
3109 Carlisle
Dallas, Texas 75204 p: (214) 969-9099

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- x 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | 4 | ☐ 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ss 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e and the Family Medical Leave Act, 29 U.S.C.§2501 et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** x Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 10-26-10

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.